# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHIHUAHUA-MARTINEZ,<br><br>                Movant-Defendant,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent-Plaintiff. | Civ. Case No. 13cv418 BTM<br>Crim. Case No. 12cr2358 BTM<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION FOR SENTENCE REDUCTION AND DENYING CERTIFICATE OF APPEALABILITY** |

Defendant Jesus Chihuahua-Martinez has filed a motion to reduce his sentence under 28 U.S.C. § 2255. For the reasons discussed below, the Court **DENIES** Defendant's motion for sentence reduction and **DENIES** a certificate of appealability.

## I. BACKGROUND

On June 28, 2012, pursuant to a Plea Agreement, Defendant pled guilty to violating 8 U.S.C. § 1326 by attempting to enter the United States without the permission of the Attorney General or his designated successor after being deported and removed from the United States to Mexico. In an order dated November 19, 2012, the Court accepted Defendant's guilty plea.

Pursuant to the Plea Agreement, the parties agreed to a base offense level of 8, an adjustment level of 2 or 3 for acceptance of responsibility, and a 4-point departure

for fast-track. (Plea Agreement § X, ECF No. 14.) As part of his consideration for the fast-track departure agreement, Defendant agreed to an order of removal from the United States. (Plea Agreement § X, ¶ H.) The parties did not agree on offense characteristics or a criminal history category. (Plea Agreement § X, n.1.)

## II. DISCUSSION

A prisoner sentenced by the court may move to have his or her sentence vacated or corrected on the grounds that: (1) the sentence was in violation of the laws or Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; or (3) the sentence was in excess of the maximum authorized by the applicable law. 28 U.S.C. § 2255(a).

Defendant contends that the Court should grant a downward departure because his deportable alien status prohibits him from residing in a minimum security facility. Furthermore, Defendant asserts ineffective assistance of counsel in that Defendant's counsel both failed to argue for a reduction for cultural assimilation and failed to seek a departure for agreeing to a final order of deportation. The Court addresses each of Defendant's arguments in turn.

A. Alien Status

The Plea Agreement states that Defendant, after discussion with his counsel regarding the facts and circumstances of the case, "has a clear understanding of the charges and the consequences of his plea." (Plea Agreement § VI, ¶ A.) Furthermore, the Plea Agreement provides that "defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (Plea Agreement § XI). The Government recommended a sentencing

range of 37-46 months, which was consistent with the Plea Agreement. The Court imposed a 37-month sentence.

During the sentencing hearing, the Court confirmed that Defendant was voluntarily waiving his right to appeal or collaterally attack his sentence. (See Minute Entry, ECF No. 26.) "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (citing United States v. Navarro-Botello, 912 F.3d 318, 320 (9th Cir. 1990)). Thus, except for a claim of ineffective assistance of counsel, Defendant has waived his right to appeal.

Defendant's first argument does not raise a claim of ineffective assistance of counsel. Instead, Defendant contends that his Equal Protection and Due Process rights are violated given his deportable alien status. Not only is Defendant barred by the Plea Agreement from bringing this claim, but the Court considered this issue during the sentencing hearing, ultimately declining to depart and finding no constitutional violations. (See Minute Entry, ECF No. 26.) Furthermore, this argument has been repeatedly rejected by this Court. See e.g., United States v. Rodriguez-Tovar, 2013 WL 101078 (S.D. Cal. Jan. 7, 2013); Cabanillas-Garcia v. United States, 2012 WL 5928154 (S.D. Cal. Nov. 26, 2012).

B. Ineffective Assistance of Counsel: Cultural Assimilation

Defendant next argues that, as a result of ineffective assistance of counsel, he was not considered for a 2-point sentence reduction for cultural assimilation. Unlike the previous argument, Defendant is not barred from making a claim on the grounds of ineffective assistance of counsel. The Court, however, has already considered this issue.

On September 7, 2012, Defendant filed a departure motion which requested, *inter alia*, consideration of a combination of factors under 18 U.S.C. § 3553 for downward departure. Defendant's ineffective assistance of counsel claim lacks merit

because Defendant included an argument for cultural assimilation as one of the factors warranting downward departure. (See Sentencing Memorandum and Departures Motion, ECF No. 17, p. 6-7.) Thus, at sentencing, Defendant's counsel actually argued for what Defendant now claims he failed to do as his basis for ineffective assistance of counsel. There was no failure to raise this issue.

C. <u>Ineffective Assistance of Counsel: Final Deportation Order</u>

Finally, Defendant argues ineffective assistance of counsel for failing to argue for a reduction upon acceptance of a final deportation order. As discussed above, although Defendant is not barred by the Plea Agreement from arguing issues arising from ineffective assistance of counsel, Defendant knowingly and voluntarily accepted the Plea Agreement's provision that states: "[D]efendant agrees to an order of removal from the United States entered by Executive Office of Immigration Review or authorized Department of Homeland Security official. Defendant understands that [he] will not be removed until [he] has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen, or challenge the removal order, in this or any subsequent case . . . ." (Plea Agreement § X, ¶ H.)

Defendant received a 4-point departure in part for agreeing to removal. He is not entitled to any further reduction. Defense counsel obtained the benefit of a 4 level downward departure in return for the Defendant agreeing to deportation. Thus, defense counsel was not deficient in any respect.

//
//
//
//
//
//

### III. CONCLUSION

For the reasons discussed above, Defendant's motion for sentence reduction pursuant to 28 U.S.C. § 2255 is **DENIED**. Further, a certificate of appealability is **DENIED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: July 15, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court